(5 Misc. Rep. 215.)

## REYNOLDS et al. v. PATTEN.

(Common Pleas of New York City and County, General Term. October 2, 1893.)

MECHANICS' LIENS—MATERIAL MEN—APPLICATION OF PAYMENTS.

Where a payment is made on the aggregate of the balances due under several building contracts, but is not applied by either the owner or the contractor to any particular portion of such aggregate sum, it will be presumed that the parties intended to apply it to the several balances, in the order in which they became payable; and therefore one who furnished the contractor with materials for the building on which the last balance became due, and who filed his notice of lien after such payment, is entitled to a lien on such building so far as the balance due the contractor therefor has not been satisfied after such application of the payment to the contractor.

Appeal from city court, general term.

Action by Martin Reynolds and Philip F. Donohue against Thomas Patten as owner, and James J. Fleming as contractor, to foreclose a mechanic's lien claimed by the plaintiffs pursuant to the provisions of the mechanic's lien law (Laws 1885, c. 342) for the unpaid balance of the purchase price of certain materials sold to the contractor, and alleged to have been used by him in making alterations under a contract with the owner. From a judgment of the general term of the city court (23 N. Y. Supp. 1164) affirming a judgment in favor of defendant Patten, plaintiffs appeal. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Johnston & Johnston, (Edward W. S. Johnston, of counsel,) for appellants.

Deyo, Duer & Bauerdorf, (Robert E. Deyo, of counsel,) for respondent.

BISCHOFF, J. Assuming consistently with the referee's finding that defendant Fleming was not entitled to a charge of five dollars per day for his own services pursuant to the terms of his several contracts with defendant Patten, it still appears from respondent's own showing and admissions that the referee's conclusion that at the time of the filing of plaintiffs' notice of lien Patten had paid Fleming in full for the work done on the Eighty-Sixth street houses, and that there was nothing owing from the

former to the latter, is contrary to the evidence. Hence the judgment is erroneous, and must be reversed.

It was conceded on the trial, and is now conceded by respondent, that, excepting the items for overcharges and improper charges hereinafter mentioned, Fleming's bill of $2,055.89 correctly represented the balance of Patten's indebtedness to him for the work done under the several contracts between them. On account of this balance, Patten paid, and Fleming received, $1,200, thus reducing it to $885.89. Patten claimed that the balance was excessive by $376.72 for overcharges for materials used and $85.65 for materials which were not used. Crediting Patten with each of these two last-mentioned items, there still remained owing from him $393.52, which respondent's counsel as well as the referee dissipate by deducting from the $2,055.89 balance two additional items admittedly included therein, namely, $366.57, due Fleming for the Pleasure Bay job. Hence they say there was nothing due Fleming from Patten on the Eighty-Sixth street job when plaintiffs filed their notice claiming a lien on the last-mentioned houses. That this method of disposing of plaintiffs' lien is unauthorized is apparent. Plaintiffs were dealers in plumbers' materials under the firm name of M. Reynolds & Co., and brought this action against Fleming, the contractor, and Patten, the owner, to foreclose a lien claimed by them under the provisions of the mechanic's lien law (Laws 1885, c. 342) upon three houses in East Eighty-Sixth street in the city of New York for an unpaid balance of the purchase price of certain plumbers' materials which were sold and furnished to Fleming, and alleged to have been used by the latter in making alterations and improvements in the Eighty-Sixth street houses under a contract with Patten. The validity of the lien, therefore, was dependent upon the fact that when the notice of its claim was filed there was a sum owing from Patten to Fleming, and whether there was or not was substantially the only matter in dispute on the hearing before the referee. The undisputed facts which transpired on the hearing and are conceded by respondent were that Fleming was employed by Patten upon three distinct and independent jobs under several contracts, and calling for work at as many different places. The first was for work at Pleasure Bay, the next in Eighty-Eighth street, and the last in Eighty-Sixth street. Both the Pleasure Bay and the Eighty-Eighth street jobs were completed before the Eighty-Sixth street job, and, there being no evidence to the contrary, it must be assumed that Fleming was entitled to payment as soon as his contracts were performed. After all three jobs were completed, Fleming presented his bill showing an aggregate balance amounting to $2,055.89 due him therefor from Patten. This, as hereinbefore stated, is conceded to have correctly represented Patten's entire indebtedness at the time for the balance remaining unpaid upon the three jobs, except as to $376.72 for overcharges and $85.65 for improper charges, both of which refer exclusively to the Eighty-Sixth street job. The aggregate balance included a balance amounting to

$366.57 for the Pleasure Bay job, and another of $364.94 for the Eighty-Eighth street job, neither of which two last-mentioned balances was at any time disputed. The remainder of the aggregate balance was for the work done upon the Eighty-Sixth street houses, upon which plaintiffs claimed their lien. On account of the aggregate balance of $2,055.89 Patten paid $1,200, more than enough to discharge his indebtedness for both the Pleasure Bay and Eighty-Eighth street jobs, but it nowhere appears that either Patten or Fleming applied or appropriated the payment to any particular portion of the aggregate balance. The legal presumption, therefore, is that both debtor and creditor intended to extinguish the earlier, rather than the later, debts. Clayton's Case, 1 Mer. 608; Allen v. Culver, 3 Denio, 284, 290; Thompson v. Bank, 113 N. Y. 325, 333, 21 N. E. Rep. 57; 5 Lawson, Rights, Rem. & Pr. p. 4211, § 2548; "Appropriation of Payments," 21 Cent. Law J. 473; 18 Amer. & Eng. Enc. Law, p. 247 et seq., and cases there collated.

Assuming next, as we must under the rule stated, that the undisputed balances for the Pleasure Bay and Eighty-Eighth street jobs, which were the earlier debts, were extinguished at the time of the $1,200 payment, the proper statement of the account between Patten and Fleming as it appeared on the hearing before the referee would be as follows:

Thomas Patten to James J. Fleming, Dr.

| | | |
|---|---:|---:|
| To balance as per bill rendered................................ | | $2,055 89 |
| Cr. by excessive charges................................ | $376 72 | |
| Cr. by improper charges................................ | 85 65 | |
| Cr. by payment for Pleasure Bay job..................... | 366 57 | |
| Cr. by payment for Eighty-Eighth street job............. | 364 94 | |
| Cr. by balance of $1,200 payment........................ | 468 49 | 1,662 37 |

Leaving a balance owing on the Eighty-Sixth street job of.... $ 393 52

—Which is properly applicable towards the payment of Fleming's indebtedness to plaintiffs, and for which amount the latter are entitled to a lien. Judgment of special and general term of the court below reversed, reference discharged, and new trial ordered, with costs of this appeal to appellants to abide the event. All concur.