REYNOLDS et al. v. PATTEN et al.

(Common Pleas of New York City and County, General Term. November 5, 1894.)

PAYMENT—APPLICATION.

Where a debtor, who was indebted under three contracts, made a payment without specifying the contract to which it should be applied, and afterwards the creditor sent a statement of the amount due under the first and second contracts, the payment having been sufficient to satisfy the third contract, it is sufficient to show an application by the creditor to the third contract.

On reargument. For decision on appeal, see 25 N. Y. Supp. 100. For order granting reargument, see 27 N. Y. Supp. 1123.

DALY, C. J. When this appeal was decided upon the first argument, the court concurred in the able opinion of Judge BISCHOFF, which proceeded upon the theory that there was no evidence in the case of an application or appropriation by the defendant or his contractor, Fleming, of the last payment of $1,200 to any particular one of the three accounts included in the bill of $2,055.89, upon account of which that payment was made; and, that being the case, it was to be assumed that it was the intention of the parties to extinguish the earlier indebtedness, or that which accrued by the completion of the two jobs on Eighty-Eighth street and Pleasure Bay, thus leaving a balance unpaid on the Eighty-Sixth street job, for which this lien was filed. It appears, however, from the evidence before the referee, that after the payment of $1,200 had been made the contractor rendered a bill to the defendant for $581.57, claiming then and at the trial that that sum was still due for the Pleasure Bay job, and also rendered a bill for $368.94, claiming that sum to be still due upon the Eighty-Eighth street job. So it is manifest that

he had not applied the payment upon either. As he also swore that the bill of $2,055.89, upon which he had received the $1,200, included all the balance which was due on all three jobs (except a per diem, which was properly disallowed by the referee), and as the referee also properly disallowed $376.72 of excessive charges upon that bill, the evidence is conclusive that by the payment in question the claim for work on Eighty-Sixth street had been extinguished, viz.: ·

| | | |
|---|---|---|
| Bill of October, 1889 | | $2,055 89 |
| Excessive charges | $ 376 72 | |
| Cash | · 1,200 00 | 1,576 72 |
| Balance | | $ 479 17 |

—Or less than the amounts claimed to be still due upon the Eighty-Eighth street and Pleasure Bay jobs. The opinion of the referee shows the reasoning by which he arrived at his conclusion, which is sustained by the evidence, and the judgment should be affirmed.

PRYOR, J., concurs.

BISCHOFF, J. (concurring). Upon the former argument of this appeal, our determination adversely to the respondent was based upon the assumption that all the parties had conceded a certain bill, as rendered, to correctly represent a balance due from the defendant Patten to the defendant Fleming, which, but for certain payments and deductions, would be applicable towards the satisfaction of the plaintiffs' lien. Reynolds v. Patten, 5 Misc. Rep. 215, 25 N. Y. Supp. 100. Upon the motion for reargument, however, it appeared that this balance was conceded merely for the purpose of demonstrating the absence of an indebtedness, and not as a basis for any liability, and so that the concession was a qualified one. Having further examined the record, and considered the questions involved in the appeal, I now unhesitatingly concur in the opinion of the Chief Judge, and upon the grounds therein stated.